UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHERI NICOLE HARRIS, | Case No. 2:24-cv-01141-JAD-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| DR. JASON ERIC GARBER, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint naming 25 Defendants. ECF Nos. 1, 1-2. While Plaintiff's IFP application is complete, she fails to establish subject matter jurisdiction over her claims.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."[1] 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

---

[1] This is often referred to as federal question jurisdiction.

1

Of the 25 Defendants named in Plaintiff's Complaint, she identifies 23 who are based in Nevada. Thus, Plaintiff's Complaint fails to plead complete diversity as Plaintiff and some defendants appear to be citizens of the same state.

With respect to federal question jurisdiction, Plaintiff says she seeks an investigation of her "Nevada Worker's Comp claim for state and federal violations for fraud." ECF No. 1-2 at 8. Plaintiff then alleges various health care providers had a conflict of interest, falsified medical records, and otherwise failed in the medical care provided. *Id*. at 9-11. Plaintiff repeatedly refers to her worker's compensation claim in this portion of her Complaint. *Id*. at 9-10. Plaintiff next pleads a long list of medical plans and health care events. *Id*. at 13-30. Plaintiff claims a violation of duty by 13 individuals and entities (*id*. at 30-31), alleges strict liability (*id*. 32), conversion and defamation (*id*. at 33), product liability (*id*. at 35-36), and, finally a cause of action titled "HIPPA/ERISA violations."[2] *Id*. at 38-39. It is only this last cause of action that potentially alleges a violation of federal laws. In that cause of action Plaintiff's factual allegation states she could not swallow for nine weeks and suffered needle sticks and blood borne pathogens. *Id*. Plaintiff's breach of duty, strict liability, conversion, defamation, and product liability claims do not identify any federal law or Constitution right that was violated.

With respect to Plaintiff's HIPAA claim, the U.S. District Court for the Western District of Washington explains:

> The Ninth Circuit has definitively declared "HIPAA itself provides no private right of action." *Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) (quoting *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007)). Other circuits have explicitly found that HIPAA cannot be enforced through Section 1983. *Adams v. Eureka Fire Prot. Dist.*, 352 Fed.Appx. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action"); *Sneed v. Pan Am Hosp.*, 370 Fed.Appx. 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action or rights that are enforceable through § 1983"). As HIPAA does not provide a private right of action, the Court concludes Plaintiff's allegations fail [to] state a claim upon which relief can be granted. *See Davenport v. Richards*, 2008 WL 2678371, at *3 (W.D. Wash. June 30, 2008) (finding the plaintiff's claims relied solely on alleged violations of HIPAA, and because HIPAA provides no private right of action, the claims must be dismissed).

---

[2] HIPAA (misidentified by Plaintiff as HIPPA) stands for the Health Insurance Portability and Accountability Act. ERISA stands for the Employee Retirement Income Security Act.

*Jones v. Pierce County Jail*, Case No. 3:22-CV-5049-JCC-DWC, 2022 WL 719294, at *1 (W.D. Wash. Feb. 16, 2022). Thus, Plaintiff's claim alleging a violation of HIPAA fails as a matter of law.

With respect to ERISA, Plaintiff fails to allege any coherent facts that would potentially lead to an ERISA violation. ERISA, 29 U.S.C. § 1001 et. seq., was enacted as a comprehensive regulation of private employee benefit plans for the purpose of protecting their participants and beneficiaries. *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). ERISA regulates employee welfare benefit plans ("welfare plans") that "through purchase of insurance or otherwise … [provide] medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death …." 29 U.S.C. § 1002(1). ERISA applies to all employee benefit plans established or maintained by an employer engaged in, or affecting, commerce. 29 U.S.C. § 1003(a)(1). An employee benefit plan is defined as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both...." 29 U.S.C. § 1002(3). ERISA's civil action enforcement provision allows a cause of action for benefits due under terms of an employee benefit plan. 29 U.S.C. § 1132(a)(3).

"A plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Stewart v. National Educ. Ass'n*, 404 F.Supp.2d 122, 130 (D.D.C. 2005) *aff'd Stewart v. National Educ. Ass'n*, 471 F.3d 169 (D.C. Cir. 2006). Indeed, "[t]he Court may ... dismiss an action if the plaintiff is not entitled to a benefit they seek under the ERISA-regulated plan." *Id.* Plaintiff's 40 page Complaint, which is difficult to follow and borders on prolixity, does not clearly identify a specific plan or a term that conferred benefits denied to her. ECF No. 1-2 at 7-40. The Court is not required to hunt through the more than 600 pages of exhibits attached to Plaintiff's Complaint to determine if somewhere in that morass is evidence of such a violation.

Further, "[a]s a general rule, an ERISA claimant must exhaust available administrative remedies before bringing a claim in federal court." *Barboza v. California Ass'n of Professional Firefighters*, 651 F.3d 1073, 1076 (9th Cir. 2011). "However, when an employee benefits plan fails to establish or follow 'reasonable claims procedures' consistent with the requirements of ERISA, a claimant need not exhaust because his claims will be deemed exhausted." *Id.* Plaintiff includes no

facts in her Complaint alleging either exhaustion of administrative remedies or that a benefit plan she sues failed to establish or follow reasonable claims procedures. In sum, Plaintiff does not plead a viable ERISA claim.

Because Plaintiff does not establish diversity jurisdiction and fails to plead a claim that asserts a federal question, Plaintiff fails to establish the Court may exercise subject matter jurisdiction over her claims. In the absence of subject matter jurisdiction, Plaintiff cannot proceed in federal court.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS HEREBY ORDERED that Plaintiff's Complaint (ECF No. 1-2) be dismissed without prejudice for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that if Plaintiff chooses she may refile an application to proceed *in forma pauperis* together with a first amended complaint that is **no more than thirty (30) pages in length and that attaches no more than thirty (30) additional pages in exhibits**. The amended complaint must plead facts and claims establishing either diversity or federal question jurisdiction.

IT IS FURTHER ORDERED that if Plaintiff files an amended complaint, the document must be titled "First Amended Complaint."

IT IS FURTHER ORDERED that Plaintiff is advised she is not to assert a violation of HIPAA (misidentified as HIPPA) as there is no cause of action available. Plaintiff is further advised that if she repleads a claim under ERISA she must clearly identify a defendant (an ERISA plan) under which she was entitled to benefits, that she was denied benefits to which she was entitled under that plan, and that she exhausted her administrative remedies before filing suit or that such plan failed to establish or follow claims procedures available.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a First Amended Complaint she must do so no later than **July 30, 2024**.

IT IS FURTHER ORDERED that Plaintiff's failure to timely or substantively comply with the terms of this Order will lead to a recommendation to dismiss Plaintiff's case in its entirety.

Dated this 27th day of June, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE