# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Cheri Nicole Harris,

       Plaintiff

v.

Dr. Jason Eric Garber, et al.,

       Defendants

Case No.: 2:24-cv-01141-JAD-EJY

**Order Overruling Objections, Adopting Report and Recommendation in Part, and Staying Case**

[ECF Nos. 21, 22, 23]

Pro se plaintiff Cheri Nicole Harris sues several doctors, doctor's offices, and Nevada state entities for harms she has allegedly suffered while seeking workers' compensation benefits after an on-the-job injury in 2020. The magistrate judge recommends dismissing Harris's case under the *Younger* abstention doctrine because, in a recent filing, Harris averred that she has several state-court and administrative cases already pending on this issue. Harris objects, arguing that her case "presents extraordinary circumstances that render *Younger* abstention inapplicable."[1] I overrule Harris's objections and adopt the magistrate judge's finding that *Younger* abstention applies because Harris hasn't shown that the state courts are incapable of handling her claims. But I do not adopt the magistrate judge's recommendation that this case be dismissed. Because Harris seeks only monetary damages, the proper course of action is to stay her case until all of her state cases have concluded through appeal.

## Discussion

The comity-based abstention doctrine developed in the Supreme Court case of *Younger v. Harris* prevents federal courts from interfering in pending state-court proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that

---

[1] ECF No. 23 at 6.

creates a threat of irreparable injury that cannot be eliminated through proper motion practice in the state-court case.[2]  The *Younger* abstention doctrine "reflects the strong federal policy against federal interference with state judicial proceedings."[3]  And "minimal respect for the state processes . . . precludes any presumption that the state courts will not safeguard federal constitutional rights."[4]  The Ninth Circuit has articulated "a four-part test to determine when *Younger* requires" a federal court to abstain: "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."[5]

All four of these factors are satisfied here.  Harris has explained that she has several cases, writs, and appeals pending in state court or before state administrative agencies.[6]  And issues related to Nevada's workers' compensation system implicate important state interests.[7]  There is no indication in the record that Harris cannot raise her constitutional challenges in one of the many proceedings that she has pending in state court, and I apply the presumption that the state court would consider those challenges and safeguard federal rights.  Finally, Harris asks for

---

[2] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

[3] *Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998).

[4] *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

[5] *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023) (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

[6] *See* ECF No. 22 at 1.  Harris doesn't dispute that she has actions pending in state court.

[7] *Id.* at 2.  Harris also doesn't object to the magistrate judge's finding that the workers compensation system is an important state interest.

1  relief that would essentially equate to a ruling on her pending workers compensation claims in

2  the state proceedings.

3      Harris contends that *Younger* abstention is inappropriate because her case involves

4  extraordinary circumstances in which the federal court should intervene.  But she offers no

5  factual allegations to support that finding.  She vaguely contends that "state actors and judicial

6  forums have failed to uphold constitutional obligations and have issued deficient rulings that

7  ignored material errors," and they have permitted state entities to suppress or alter evidence and

8  use "coercive legal maneuvers designed to avoid liability."[8]  She also alleges that the state courts

9  have "refus[ed] to docket valid filings" and "neglect[ed] [their] legal obligation to investigate

10  fraud and due process violations."[9]  But Harris has not alleged any facts showing that the state

11  court has abdicated its ability to right constitutional wrongs in her case.  And even if she believes

12  that the trial court or state administrative agency will not address her concerns, the proper course

13  of action is to challenge those rulings through the state-court appellate process, not to turn to

14  federal court.[10]  So I find that *Younger* abstention is appropriate in this case.

15      But I do not adopt the magistrate judge's recommendation that this case be dismissed.

16  The *Younger* abstention doctrine generally requires the federal court to dismiss a plaintiff's

17  claims for injunctive or declaratory relief.[11]  But if the plaintiff seeks monetary damages related

18  to conduct that took place in the state-court proceeding, that portion of the federal case must

19  ───────────────

20  [8] ECF No. 23 at 8.

   [9] *Id.*

21  [10] *Dubinka v. Judges of Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994) ("The Supreme Court has
   held that *Younger* abstention applies to prevent federal intervention in a state judicial proceeding

22  in which a losing litigant has not exhausted his state appellate remedies."); *Gilbertson v.
   Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004) ("[P]roceedings are deemed on-going for

23  purposes of *Younger* abstention until state appellate review is completed . . . .").

   [11] *Gilbertson*, 381 F.3d at 981.

merely be stayed until the state case concludes.[12]  Harris's complaint seeks only compensatory and general damages, so the proper course of action is to stay her case rather than dismiss it. Once Harris's state-court cases have concluded through appeal, she can file a motion to lift this stay so that this case can move forward.

**Conclusion**

IT IS THEREFORE ORDERED that Cheri Nicole Harris's objection to the magistrate judge's report and recommendation **[ECF No. 23] is OVERRULED**.  The report and recommendation **[ECF No. 22] is ADOPTED in part.**  This case is **STAYED** pending the resolution of the underlying state-court and administrative proceedings.  The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE THIS CASE**.

IT IS FURTHER ORDERED that Harris's motion to extend time to proceed **[ECF No. 21] is DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
December 12, 2025

---

[12] *Id.*